UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2012 APR 26  P 2:59

U.S. DISTRICT COURT
BRIDGEPORT, CONN

AZIZA ESSAID and AICHA AHENACH
　　　　　　Plaintiffs,
　　v.

STAMFORD MARRIOT HOTEL & SPA,
*d/b/a* HD HOTEL LLC and, as JOE KELLY
and LADD R. MARKS
　　　　　　Defendants.

Civil Action No:

**COMPLAINT**
**(Jury trial demanded)**

　　　　Plaintiffs Aziza Essaid and Aicha Ahenach, by their attorneys, Seham, Seham, Meltz & Petersen LLP, as and for their Complaint state as follows:

### NATURE OF THE CASE

　　　　1.　　Plaintiff Aziza Essaid brings this action to recover from Defendants unpaid straight time wages and unpaid overtime compensation in the approximate amount of $6,300, as well as an additional equal amount of liquidated damages and a reasonable attorney's fee, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. §§201-219) (hereinafter referred to as the "Act"). Plaintiff Aziza Essaid also seeks to recover unpaid wages and overtime compensation in the approximate amount of $6,300, and an equal amount of liquidated damages, and a reasonable attorney's fee under the Connecticut General Statutes §§31-58 *et seq.*

　　　　2.　　Plaintiff Aicha Ahenach brings this action to recover from Defendants unpaid straight time wages and unpaid overtime compensation in the approximate amount of $10,000 as well as an additional equal amount of liquidated damages and a reasonable attorney's fee, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. §§201-219) (hereinafter referred to as the "Act"). Plaintiff Aziza Essaid also seeks to recover unpaid wages

and overtime compensation in the approximate amount of $10,000, and an equal amount of liquidated damages, and a reasonable attorney's fee under the Connecticut General Statutes §§31-58 *et seq.*

## PARTIES

3. Plaintiffs Aziza Essaid and Aicha Ahenach (together, "Plaintiffs"), are female individuals who, at all material times referenced herein, worked and resided in the State of Connecticut.

5. Upon information and belief, Defendant Stamford Marriot Hotel & Spa, *d/b/a* HD Hotel LLC ("Defendant Marriot") is an active, domestic corporation doing business in the State of Connecticut at 243 Tresser Boulevard, Stamford, Connecticut, 06901.

6. Upon information and belief, Defendant Marriot is headquartered at: Marriott International, Inc., 10400 Fernwood Road Bethesda, Maryland, 20817, Tel. 301/380-3000, Internet: www.marriott.com.

7. Upon information and belief, individual Defendant Joe Kelly is a General Manager of Defendant Marriot who was at all relevant times in active control and management of said business, regulated the employment of all persons employed by said business, and acted directly and indirectly in the interest of the Defendant Marriot in relation to said employees, and thus is an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

8. Upon information and belief, individual Defendant Ladd R. Marks is an Assistant General Manager of Defendant Marriot who was at all relevant times in active control and management of said business, regulated the employment of all persons employed by said business, and acted directly and indirectly in the interest of the Defendant Marriot in relation to

said employees, and thus is an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred on the Court by 28 U.S.C. §1337, giving the District Court original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce," without regard to the citizenship of the parties or the sum or value in controversy, by 28 U.S.C. §1331 giving the District Court original jurisdiction of "all civil actions arising under the …laws…of the United States," and by section 16(b) of the Act (29 U.S.C. §216(b)). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10. Venue in this Court is proper under 28 U.S.C. § 1391.

## BACKGROUND

**(Defendants' Failure to Pay Plaintiffs Wages and Overtime Compensation)**

11. At all times relevant to this Complaint, Defendants were employers of Plaintiffs within the definition of the Fair Labor Standards Act of 1938, §§ 3, 29 U.S.C. § 203(d) and Connecticut General Statutes §31-58(e) and 37-71a(1), and Plaintiffs were, at all times relevant to this Complaint, employees of Defendants within the definition of FLSA § 203(e)(1), and Connecticut General Statutes §31-58(f) and 31-71a(2).

12. Defendants operated an enterprise that was engaged in commerce within the meaning of said section of the Act. Said enterprise, at all times hereinafter mentioned, had an annual gross volume of sales made or business done in an amount not less than $500,000.00 each. Therefore, the Plaintiffs have been employed in an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, as amended, 103 Stat. 938, Pub. L. 101-157.

13. At all times herein set forth the Defendants engaged in hotel and service business activity in the State of Connecticut.

14. At all times herein set forth Defendants jointly employed Plaintiffs as housekeepers.

**Allegations Particular to Plaintiff Aziza Essaid**

15. During a period of employment commencing on or about sometime in September 2010 and continuing to the present, Plaintiff Essaid's scheduled average work-week was from Monday through Friday, starting at 8:00 a.m. and finishing at 4:30 p.m., with a half-hour lunch break.

16. Defendants paid Plaintiff Essaid an hourly wage of $8.50 per hour.

17. Plaintiff Essaid actually typically started work at 7:30 a.m. and worked as late as 5:30 p.m. or later.

18. Plaintiff Essaid was also typically required to work through her scheduled half-hour lunch break.

19. Plaintiff Essaid actually worked a minimum of fifty (50) hours per week.

20. During the above-referenced period of Plaintiff Essaid's employment, Defendants employed Plaintiff, as aforesaid, and failed and refused to compensate Plaintiff Essaid for such employment in excess of forty (40) hours in such work weeks at rates not less than one and one-half (1½) times the regular rates at which she was employed, as required by the federal Fair Labor Standards Act and the State of Connecticut's wage payment law.

21.     During the entire period of Plaintiff Essaid's employment, the Defendants engaged in willful violation of overtime payment requirements of the Act as that term is employed in 29 U.S.C. § 255(a).

22.     Defendants also failed to pay Plaintiff Essaid for a minimum of approximately $6,300 in straight time and over-time compensation.

**Allegations Particular to Aicha Ahenach**

9.      During a period of employment commencing on or about sometime in September 2010 until she was terminated on or about February 27, 2012, Plaintiff Ahenach's scheduled average work-week was from Monday through Friday, starting at 8:00 a.m. and finishing at 4:30 p.m., with a half-hour lunch break.

10.     Defendants paid Plaintiff Ahenach's an hourly wage of $8.75 per hour.

11.     Plaintiff Ahenach actually typically started work at 7:30 a.m. and worked as late as 5:30 p.m. or later.

12.     Plaintiff Ahenach was also typically required to work through her scheduled half-hour lunch break.

13.     Plaintiff Ahenach actually worked a minimum of fifty (50) hours per week.

14.     During the above-referenced period of Plaintiff Essaid's employment, Defendants employed Plaintiff, as aforesaid, and failed and refused to compensate Plaintiff Essaid for such employment in excess of forty (40) hours in such work weeks at rates not less than one and one-half (1½) times the regular rates at which she was employed, as required by the federal Fair Labor Standards Act and the State of Connecticut's wage payment law.

15.     During the entire period of Plaintiff Essaid's employment, the Defendants engaged in willful violation of overtime payment requirements of the Act as that term is employed in 29 U.S.C. § 255(a).

16.     Defendants also failed to pay Plaintiff Essaid for a minimum of approximately $10,000 in straight time and over-time compensation.

## FIRST CAUSE OF ACTION
### (Plaintiffs' Federal Law Overtime and Minimum Wage Claims)

17.     Plaintiffs incorporate by reference, as if fully set forth herein, all preceding paragraphs.

18.     During their employment with the Defendants, the Defendants willfully failed to pay Plaintiffs' minimum wages due under the Act.

19.     During their employment with the Defendants, the Defendants willfully failed to pay Plaintiffs' overtime wages due under the Act.

20.     The Defendants' failure to pay overtime and minimum wage rates to Plaintiff Essaid constituted a violation under the provisions of the Fair Labor Standards Act as provided in 29 U.S.C. §§207, 216, as a result of which there is due and owing from the Defendants to Plaintiff Essaid approximately $6,300 in back wages plus an additional equal amount as liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Essaid's reasonable attorney's fees.

21.     The Defendants' failure to pay overtime and minimum wage rates to Plaintiff Ahenach constituted a violation under the provisions of the Fair Labor Standards Act as provided in 29 U.S.C. §§207, 216, as a result of which there is due and owing from the Defendants to Plaintiff Ahenach approximately $10,000 in back wages plus an additional equal amount as

liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Essaid's reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (Plaintiffs' State Law Wage Claims)

22. Plaintiffs incorporate by reference, as if fully set forth herein all preceding paragraphs.

23. During the period of their employment, the Defendants willfully failed to pay Plaintiffs' wages due under the State of Connecticut's wage and overtime laws.

24. The Defendants' failure to pay wages constitutes a violation of Connecticut General Statutes §§31-58 *et seq.*, as a result of which there is due and owing from the Defendants to Plaintiff Essaid, as compensation for unpaid minimum wages and overtime compensation, approximately, $6,300 plus an additional equal amount as liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Essaid's reasonable attorney's fees.

25. The Defendants' failure to pay wages constitutes a violation of Connecticut General Statutes §§31-58 *et seq.*, as a result of which there is due and owing from the Defendants to Plaintiff Ahenach, as compensation for unpaid minimum wages and overtime compensation, approximately, $10,000 plus an additional equal amount as liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Ahenach's reasonable attorney's fees.

**WHEREFORE**, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

1. For an Order for damages to be awarded to Plaintiff Essaid, pursuant to the Fair Labor Standards Act, in the amount of $6,300 for unpaid overtime compensation for unpaid minimum wages and for an additional equal amount as liquidated damages.

2. For an Order for damages to be awarded to Plaintiff Essaid, pursuant to the State of Connecticut's labor law, in the amount of $6,300 for unpaid wages and overtime compensation and for an additional amount as liquidated damages.

3. For an Order for damages to be awarded to Plaintiff Ahenach, pursuant to the Fair Labor Standards Act, in the amount of $10,000 for unpaid overtime compensation and for an additional equal amount as liquidated damages.

4. For an Order for damages to be awarded to Plaintiff Ahenach, pursuant to the State of Connecticut's labor law, in the amount of $10,000 for unpaid wages and overtime compensation and for an additional amount as liquidated damages.

5. For an Order awarding both Plaintiffs the costs of this action, including payment of reasonable attorney's fees.

6. For an Order awarding both Plaintiffs interest on any of the above amounts running on unpaid wages illegally withheld.

7. Grant to both Plaintiffs punitive damages calculated to be sufficient to deter such misconduct in the future.

8. Grant such additional relief as the Court deems proper and just.

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury as to all claims to which they are entitled.

White Plains, New York
April 24, 2012

/s/ Hamza Ma'ayergi

Hamza Ma'ayergi, Esq. (CT 17159)
hmaayergi@maesquire.com
Ma'ayergi & Associates, LLC
60 Long Ridge Road - Suite 200
Stamford, Connecticut 06902
Tel: (203) 569-1180
Fax: (203) 569-1182

Lee Seham, Esq. (*pro hac vice* pending)
lseham@ssmplaw.com
Lucas Middlebrook, Esq. (*pro hac vice* pending)
lmiddelbrook@ssmplaw.com
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel: (914) 997-1346 Fax: (914) 997-7125

Nicholas Granath, Esq. (*pro hac vice* pending)
ngranath@ssmplaw.com
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
2915 Wayzata Blvd.
Minneapolis, MN 55405
Tel. 612 341-9080
Fax 612 341-9079