UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AZIZA ESSAID and AICHA AHENACH,<br><br>                        Plaintiffs,<br><br>v.<br><br>HD HOTEL, LLC d/b/a STAMFORD MARRIOT HOTEL & SPA, JOE KELLY and LADD R. MARKS.<br><br>                        Defendants. | Case No.: 3:12-cv-00627-MPS |

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS BROUGHT PURSUANT TO FAIR LABOR STANDARDS ACT AND CONNECTICUT MINIMUM WAGE ACT

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made as of the __ day of November, 2014, by and between AZIZA ESSAID ("Essaid") AICHA AHENACH ("Ahenach")(hereinafter, collectively "Plaintiffs") and HD HOTEL LLC d/b/a STAMFORD MARRIOTT HOTEL & SPA ("Stamford Marriott" or "Defendant" and, collectively with Kelly and Marks, "Defendants").

WHEREAS, Plaintiffs through the above-referenced case alleged unpaid wages and overtime compensation was due to them pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA") and pursuant to the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58 *et seq.* (the "CMWA");

WHEREAS, Defendants deny the Plaintiffs' claims including any violation of the FLSA and/ or the CMWA; and

WHEREAS, Plaintiffs and Defendants wish to avoid any further expense and litigation and settle and resolve in full the controversy between them as it relates to the FLSA and the CMWA amicably and expeditiously from this point forward;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that Plaintiffs' FLSA and CMWA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**.  The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiffs Essaid and Ahenach collectively and individually and Defendants collectively and individually acknowledge that the settlement reached herein is a fair and reasonable settlement of Plaintiffs' FLSA and CMWA claims against Defendants.

3. **RELEASE OF FLSA CLAIMS/ CLAIMS NOT RELEASED**.

   a. This Agreement shall constitute a waiver and release of all claims Plaintiffs have or might have under the FLSA and/ or the CMWA against Defendants, including the claimed entitlement to attorneys' fees and/ or costs under the FLSA and/ or the CMWA, which shall be determined by the Court, as set forth herein.

   b. In consideration for the matters set forth herein, including the payments to be provided pursuant to Paragraph 4 below, Plaintiffs hereby knowingly and voluntarily release Stamford Marriott and its affiliates HD Realty Associates, LLC, MJ Hotels of Stamford, LLC and their affiliates, members, partners, managers, current and former employees, licensors, attorneys, and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries,; Joe Kelly and Ladd R. Marks, and Kelly's and Marks' heirs, executors, administrators, successors and

assigns, and their past and present agents, insurers and attorneys, both individually and in their business capacities (collectively "Releasees"); of and from any and all claims arising under the FLSA and/ or the CMWA against any of the Releasees which Plaintiffs have or might have as of the date of execution of this Agreement, including the claimed entitlement to attorneys' fees and/ or costs under the FLSA and/ or the CMWA, which shall be determined by the Court, as set forth herein.

  c. <u>Claims Not Released</u>. This release does not include the waiver or the release of claims by Plaintiffs of any claims other than their FLSA and CMWA claims, including Plaintiffs' pending claims in Case 3:13-cv-000520-MPS.

  4. **CONSIDERATION**.

  a. If: (1) Plaintiffs execute this Agreement; and (2) the presiding U.S. District Judge approves this Agreement and dismisses this action with prejudice, then, in consideration of the matters set forth herein, including, but not limited to the release of claims, within thirty (30) days after Court approval of this Agreement, Defendants shall deliver to Seham, Seham, Meltz & Petersen, LLP, the following checks, payable to Plaintiffs in the total sum of Twenty Thousand Dollars and No Cents ($20,000.00)(hereinafter the "Settlement Sum"), less applicable deductions as described below and excluding the Court's determination of plaintiffs' attorneys' fees and/ or costs. Such Settlement Sum shall be allocated as follows:

- $5,000.00, made payable to Essaid, as and for regular time and overtime compensation allegedly due to Essaid pursuant to the FLSA and/ or the CMWA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Essaid;

- $5,000.00 made payable to Essaid, as and for liquidated damages allegedly due to Essaid, pursuant to the FLSA, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Essaid;

- $5,000.00, made payable to Ahenach, as and for regular time and overtime compensation allegedly due to Ahenach pursuant to the FLSA and/or the CMWA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to Ahenach; and

- $5,000.00 made payable to Ahenach, as and for liquidated damages allegedly due to Ahenach pursuant to the FLSA, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Ahenach.

Plaintiffs understand and acknowledge that they would not receive the payments specified in this paragraph except for their execution of this Agreement, including the Release of FLSA and CMWA Claims contained herein, and their fulfillment of the promises contained herein. Defendants understand and acknowledge that they would not receive the releases from Plaintiffs as specified herein except for their execution of this Agreement and the payments to be made to the Plaintiffs of the Settlement Sum and to Plaintiffs' counsel of their reasonable attorneys' fees and/ or costs as determined by the Court.

      b.  Plaintiffs and Defendants agree that the amount of reasonable attorneys' fees and/ or costs to be awarded to Plaintiffs, if any, shall be determined by the Court upon submission of an application by Plaintiffs for their attorneys' fees and/ or costs claimed. Such application shall be submitted by Plaintiff to the District Court and accompanied by time records of Plaintiffs' counsel contemporaneous with the work reflected therein. Defendants shall have the opportunity to oppose any such submission. Defendants' opposition to Plaintiffs' application shall be submitted to the District Court within 30 days of Plaintiffs' submission, or such other date as determined by the District Court. Each party reserves the right to appeal the District Court's decision. Any final award of attorneys' fees and/ or costs made pursuant to this Agreement shall be made payable to Seham, Seham, Meltz & Petersen, LLP, and shall be reported on separate IRS Forms 1099 to Plaintiffs and Seham, Seham, Meltz & Petersen, LLP.

Payment of such award shall be delivered to Seham, Seham, Meltz & Petersen, LLP within thirty (30) days after the entry of a final award, inclusive of any timely appeal, thereon.

    c.  Defendants make no representation as to the taxability of the amounts paid to Plaintiffs. Plaintiffs agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiffs agree to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiffs or her attorneys under the terms of this Agreement.

    5.  **AFFIRMATIONS**.

    a.  Plaintiffs Essaid and Ahenach, individually affirm that, upon payment of the foregoing Settlement Amount(s), she will have been paid and/or will have received all wages, overtime compensation, and liquidated damages related to wages and overtime compensation in connection with her claims against Defendants.

    b.  The parties acknowledge that the existence of this Agreement shall not preclude the use of any discovery exchanged in Case No.: 3:12-cv-00627-MPS in any further proceedings in Case No.: 3:13-cv-00520-MPS, subject to any relevancy or other appropriate objections in connection with such use.

    6.  **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the

Releasees of the FLSA and/ or the CMWA. This Agreement represents the compromise of disputed and contingent claims.

7. **OPPORTUNITY TO REVIEW**. Plaintiffs Essaid and Ahenach individually and collectively acknowledge she is aware she is giving up all FLSA and CMWA claims she may have against the Releasees. Plaintiffs acknowledge they have consulted with their attorney before executing this Agreement. In fact, Plaintiffs acknowledge that they have consulted with their counsel of record, George Diamantopoulos, Esq., prior to executing this Agreement and that the consultation has been communicated to them in Moroccan/Arabic . Plaintiffs Essaid and Ahenach sign this Agreement knowingly, voluntarily and intentionally, with full understanding of its contents.

8. **WAIVER OF JURY TRIAL**. Upon full execution of this Agreement, Court approval of this Agreement and payment of the Settlement Sum and any Court award of plaintiffs' attorneys' fees and/ or costs as set forth herein, Plaintiffs and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA and/ or CMWA claims asserted in the above-referenced case.

9. **SEVERABILITY**. Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiffs' and Defendants' benefits and obligations under this Agreement.

10. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the United States of America and the State of Connecticut without regard to its

conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court of Connecticut.

11. **ENTIRE AGREEMENT AS TO FLSA AND CMWA CLAIMS.** This Agreement sets forth the entire agreement between Plaintiffs and Defendants as to settlement of the FLSA and CMWA claims. Defendants and Plaintiffs Essaid and Ahenach individually and collectively acknowledge they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decisions to sign this Agreement, except those set forth in this Agreement.

12. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **EXECUTION IN COUNTERPARTS.** This Agreement may be executed in counterparts, each of which shall be deemed an original for all purposes and all of which taken together shall constitute one and the same instrument. The Parties agree that for the purpose of the execution of this Agreement, facsimile or Adobe PDF signatures shall be valid and deemed the equivalent of an original signature.

14. **AUTHORITY TO SIGN.** The Parties represent and warrant that each of the individuals signing this Agreement has authority to sign on behalf of the individual or entity for which they have acted as signatory.

**THE SIGNATORIES ACKNOWLEDGE THAT EACH OF THEM HAS HAD THE BENEFIT OF THE COUNSEL OF THEIR CHOICE AND HAS BEEN AFFORDED THE OPPORTUNITY TO REVIEW THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND CMWA CLAIMS AND HAVE IT EXPLAINED TO**

THEM. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PLAINTIFFS HAVE HAD THE AGREEMENT EXPLAINED TO THEM IN MOROCCAN/ARABIC AND UNDERSTAND ITS TERMS. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND CMWA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND CMWA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA AND CMWA CLAIMS SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND CMWA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE RELEASE(S) SET FORTH IN PARAGRAPH 3 ABOVE, DEFENDANTS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA AND CMWA CLAIMS INTENDING TO SETTLE AND BE RELEASED FROM THE FLSA AND CMWA CLAIMS AGAINST RELEASEES.

Dated: November 18, 2014                    _AZIZA ESSAID_
                                                AZIZA ESSAID

STATE OF ~~CONNECTICUT~~ NEW YORK )

COUNTY OF WESTCHESTER

       SWORN TO AND SUBSCRIBED before me this 18th day of November, 2014, by AZIZA ESSAID, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

GEORGE DIAMANTOPOULOS
Notary Public, State Of New York
No. 02D15083807
Qualified In Westchester County
Commission Expires August 25, 2017

GEORGE DIAMANTOPOULOS
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____


Dated: November 18 2014                     _____
                                                 AICHA AHENACH

STATE OF ~~CONNECTICUT~~ NEW YORK )

COUNTY OF WESTCHESTER )

       SWORN TO AND SUBSCRIBED before me this 18th day of November, 2014, by AICHA AHENACH, who is personally known to me or has produced _____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

GEORGE DIAMANTOPOULOS
Notary Public, State Of New York
No. 02D15083807
Qualified In Westchester County
Commission Expires August 25, 2017

GEORGE DIAMANTOPOULOS
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

Dated: November __, 2014                HD HOTEL LLC d/b/a STAMFORD MARRIOTT
                                        HOTEL & SPA

                                        By: _____

                                        Its: _____

STATE OF CONNECTICUT)

COUNTY OF Fairfield )

    SWORN TO AND SUBSCRIBED before me this 25 day of November, 2014, by Richard Mbara, who is personally known to me or has produced _____ as identification.

                                         Abigail Clarke
                                         (Notary Signature)

(NOTARY SEAL)

                                         Abigail Clarke
                                         (Notary Name Printed)
                                         NOTARY PUBLIC
                                         Commission No. Expires Nov. 30, 2016


Dated: November __, 2014                _____
                                        JOSEPH KELLY

STATE OF CONNECTICUT)

COUNTY OF _____ )

    SWORN TO AND SUBSCRIBED before me this ____ day of November, 2014,

by JOSEPH KELLY, who is personally known to me or has produced _____

as identification.

                                         _____
                                         (Notary Signature)

(NOTARY SEAL)

                                         _____
                                         (Notary Name Printed)
                                         NOTARY PUBLIC
                                         Commission No. _____

Dated: November __, 2014            HD HOTEL LLC d/b/a STAMFORD MARRIOTT
                                    HOTEL & SPA

                                    By: _____

                                    Its:

STATE OF CONNECTICUT)

COUNTY OF _____ )

        SWORN TO AND SUBSCRIBED before me this ____ day of November, 2014, by _____, who is personally known to me or has produced _____ as identification.

(NOTARY SEAL)

        _____
        (Notary Signature)

        _____
        (Notary Name Printed)
        NOTARY PUBLIC
        Commission No. _____

Dated: November 26, 2014            _____/s/ Joseph Kelly_____
                                    JOSEPH KELLY

STATE OF CONNECTICUT)

COUNTY OF _____ )

        SWORN TO AND SUBSCRIBED before me this ____ day of November, 2014, by JOSEPH KELLY, who is personally known to me or has produced DRIVER'S LICENSE as identification.

(NOTARY SEAL)

        _____/s/_____
        (Notary Signature)

        OBAKENG O. PHIRI
        (Notary Name Printed)
        NOTARY PUBLIC
        Commission No. 164141

        My Commission Expires April 30, 2018

Dated: __12/1__, 2014      _____
                            LADD R. MARKS

STATE OF LOUISIANA   )
COUNTY OF __ORLEANS__   )

    SWORN TO AND SUBSCRIBED before me this __1st__ day of ~~November~~ December, 2014, by LADD R. MARKS, who is personally known to me or has produced __LOUISIANA PERSONAL DRIVE'S LICENSE__ as identification.

(NOTARY SEAL)

_____
(Notary Signature)

__NISHA SANDITU__
(Notary Name Printed)
NOTARY PUBLIC
Commission No. __92285__
LA State Bar No. 30340
Commission for Life

4838-3653-4816, v. 1

## George Diamantopoulos

**From:** George Diamantopoulos [gdiaman@ssmplaw.com]
**Sent:** Friday, May 23, 2014 11:47 AM
**To:** 'Schancupp, Jennifer L. (Stamford)'
**Subject:** RE: 3:120cv-627 and 3:13-cv-520

Dear Jennifer:

I have no intention of arguing the reasonableness of our attorneys' fees and disbursements with you at this time since as between us the issue has been resolved. Nor do I agree with your characterizations in the email below. You need not try to convince me of anything and I will refrain from doing the same. In any event, we can each make our respective arguments to the Judge as we have agreed at the appropriate time.

Since you will be sending me a draft settlement agreement next week, I will assume that you agree to the use for dispositive motion purposes in Case 520 of any discovery produced by defendants (whether a response or a document produced in case 627). In other words, you will not argue preclusion because of the settlement.

I wish you and yours a relaxing and enjoyable Memorial Day weekend.

Sincerely,

George

SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
Tel.: (914) 997-1346   Fax: (914) 997-7125
E-mail: gdiaman@ssmplaw.com

Other offices located in *Manhattan *Houston * Minneapolis

PRIVILEGED AND CONFIDENTIAL
This e-mail transmission is intended only for the use of the individual(s) herein named, and may contain confidential and/or legally privileged information from SEHAM, SEHAM, MELTZ & PETERSEN, LLP. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the e-mail/file document is strictly prohibited. If you have received this e-mail/file document in error, please delete the e-mail/file document or notify us by telephone so that we can arrange for the return of the document(s) to us at no cost to you.

**From:** Schancupp, Jennifer L. (Stamford) [mailto:SchancuJ@jacksonlewis.com]
**Sent:** Friday, May 23, 2014 11:08 AM
**To:** gdiaman@ssmplaw.com
**Subject:** RE: 3:120cv-627 and 3:13-cv-520

George:

As I have previously indicated, my clients remain interested in seeking to resolve both matters. However, I do not have a response for you at this time with regard to the discrimination case. I will be in touch when I do, regardless of the plaintiffs' decision to deem their demand rejected.

1

As for settlement discussions and attorney's fees, the Defendants made an offer in the wage and hour case in April, 2013 to which no response was ever received (other than that more time was needed to review the records). The Defendants withdrew that offer in November, 2013 and made a global offer for both matters at that time. The plaintiffs declined to counter until March, 2014, opting instead to complete discovery and incur any consequent attorney's fees. While attorney's fees may be an element of the demand, that they were incurred does not necessarily render them reasonable.

I do not take issue with the request to use the discovery responses in the wage and hour case for prosecution of the discrimination case, subject, of course, to any objections otherwise available to the Defendants. I expect to have a draft of the settlement agreement for your review next week.

Best wishes for your Memorial Day weekend.

Jennifer

---

**From:** George Diamantopoulos [mailto:gdiaman@ssmplaw.com]
**Sent:** Thursday, May 22, 2014 5:54 PM
**To:** Schancupp, Jennifer L. (Stamford)
**Subject:** RE: 3:120cv-627 and 3:13-cv-520

Dear Jennifer:

Your welcome.

Just to be clear, plaintiffs may also seek to use in the discrimination case(in 520) not only any documents produced but also <u>any discovery responses made by defendants</u> in the 627 case.

The intention is also that the discovery may also be used for purposes of any dispositive motion in the discrimination case. I am assuming that you are agreeable to this as well and that you simply did not mention it in your email, but if I am incorrect, please let me know.

Otherwise, I believe we are are in agreement, and I will look for your draft of the settlement agreement if the above does not present any issue for you.

Any interest by your clients in making settlement offers to the three plaintiffs in the discrimination case? I don't think I ever received a response on the global demand made on March 17 or the subsequent breakdown for the discrimination portion you requested and which was provided on April 10. Attorneys' fees continue to accrue in that case as well (more than 2 months worth). I am treating my previous settlement demand for the discrimination case as having been rejected as there has been a significant amount of legal work that has been incurred since the demand and breakdown were provided and because the attorneys' fees portion of the demand is an element of the settlement demand that is now stale.

Sincerely,

George

SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
Tel.: (914) 997-1346   Fax: (914) 997-7125
E-mail: gdiaman@ssmplaw.com

Other offices located in *Manhattan *Houston * Minneapolis

---

PRIVILEGED AND CONFIDENTIAL
This e-mail transmission is intended only for the use of the individual(s) herein named, and may contain confidential and/or legally privileged information from SEHAM, SEHAM, MELTZ & PETERSEN, LLP. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the e-mail/file document is strictly prohibited.  If you have received this e-mail/file document in error, please delete the e-mail/file document or notify us by telephone so that we can arrange for the return of the document(s) to us at no cost to you.

---

**From:** Schancupp, Jennifer L. (Stamford) [mailto:SchancuJ@jacksonlewis.com]
**Sent:** Thursday, May 22, 2014 4:36 PM
**To:** gdiaman@ssmplaw.com
**Subject:** RE: 3:120cv-627 and 3:13-cv-520

George:

Thank you for affording me the time to review the documents. I have since done so. Per your request, the defendants agree that the Plaintiffs may seek to use any of the documents produced in the wage and hour case at the trial of the discrimination case. In addition, the fact that the documents were produced in the wage and hour case will not be used as the basis for seeking to preclude their use in the discrimination case. Of course, the defendants maintain all rights to object to their use on any other basis.

Kindly confirm that this addresses your concerns. Assuming that it does, I am prepared to draft a settlement agreement for the wage and hour case which will provide that defendants will pay $20,000 ($10,00 to each plaintiff) in full satisfaction of any claims asserted in case no. 00627, with the exception of the amount of reasonable attorney's fees and costs, which the parties agree to submit for the court's determination.

Jennifer

---

**From:** George Diamantopoulos [mailto:gdiaman@ssmplaw.com]
**Sent:** Wednesday, May 07, 2014 6:25 PM
**To:** Schancupp, Jennifer L. (Stamford)
**Subject:** RE: 3:120cv-627 and 3:13-cv-520

Dear Jennifer:

I did say "If I am correct, then we have a settlement . . ." There is no intention to misrepresent your position in any way. As I mentioned on the phone, I am merely articulating my position in writing so we are both clear as to what it is I am willing to agree to.

I merely wish to be able to be able to continue to use any discovery response, or any documents provided by defendants in the wage and hours case in the discrimination case, and that you not use any settlement agreement in the wage and hours case as the basis for any argument you may make for preclusion. I'm not saying that you cannot make any other argument you may wish to make, only that any settlement agreement reached not be the basis for any argument you make. In other words, I don't want our entering into settlement to be the basis for a preclusion argument that you didn't have in the first instance. I believe that this is fair to both sides.

Let me know if you agree, or not.

Sincerely,

3

George

SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
Tel.: (914) 997-1346   Fax: (914) 997-7125
E-mail: gdiaman@ssmplaw.com

Other offices located in *Manhattan *Houston * Minneapolis

---

PRIVILEGED AND CONFIDENTIAL
This e-mail transmission is intended only for the use of the individual(s) herein named, and may contain confidential and/or legally privileged information from SEHAM, SEHAM, MELTZ & PETERSEN, LLP. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the e-mail/file document is strictly prohibited. If you have received this e-mail/file document in error, please delete the e-mail/file document or notify us by telephone so that we can arrange for the return of the document(s) to us at no cost to you.

---

**From:** Schancupp, Jennifer L. (Stamford) [mailto:SchancuJ@jacksonlewis.com]
**Sent:** Wednesday, May 07, 2014 4:48 PM
**To:** gdiaman@ssmplaw.com
**Subject:** RE: 3:120cv-627 and 3:13-cv-520

George: I'll get back to you this. However, your initial statement re: "this is confirming…" is inaccurate. Defendants agreed to the plaintiffs' use of their wage records which were produced in the wage and hour case (i.e., payroll records, time cards) for comparative purposes in the discrimination case with regard to the wage records provided for the random sample of housekeepers. Beyond that, I'm not sure what other data produced in the wage and hour case is pertinent to the discrimination case. Accordingly, I will need to review the documents produced before responding. Moreover, we did not agree that Defendants will not seek preclusion at trial of any documents provided in the wage and hour case, nor can I recommend that the Defendants agree to that. The Defendants should be able to retain the right to seek to preclude or object to the introduction of any evidence for any appropriate reason, except as otherwise provided in the stipulation entered into in the discrimination case.

**From:** George Diamantopoulos [mailto:gdiaman@ssmplaw.com]
**Sent:** Wednesday, May 07, 2014 1:54 PM
**To:** Schancupp, Jennifer L. (Stamford)
**Subject:** 3:120cv-627 and 3:13-cv-520

Dear Jennifer:

This is to confirm our telephone conversation of today that your clients do not and will not object to our using discovery provided by defendants in the wage and hour litigation for comparison purposes with the random sample of housekeepers data provided in the discrimination case, and as stipulated to in the discrimination case. Defendants will not ask that plaintiffs be precluded from using any discovery obtained in the wage and hour litigation in the discrimination case.

If I am correct about this, then we have a settlement agreement for the sum of $20,000 ($10,000 for each Plaintiff) with reasonable attorneys' fees and disbursements to be determined by the Court. Upon agreement on the language of the settlement agreement, we can submit it to the Judge for his approval.

Sincerely,

4

George Diamantopoulos

SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, NY 10601
Tel.: (914) 997-1346   Fax: (914) 997-7125
E-mail: gdiaman@ssmplaw.com

Other offices located in *Manhattan *Houston * Minneapolis

---

PRIVILEGED AND CONFIDENTIAL
This e-mail transmission is intended only for the use of the individual(s) herein named, and may contain confidential and/or legally privileged information from SEHAM, SEHAM, MELTZ & PETERSEN, LLP. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of the e-mail/file document is strictly prohibited.  If you have received this e-mail/file document in error, please delete the e-mail/file document or notify us by telephone so that we can arrange for the return of the document(s) to us at no cost to you.

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.